Filed 10/7/21  Quinonez v. Payless 4 Plumbing CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| ROBERT QUINONEZ, | |
| Plaintiff and Appellant, | E074467 |
| v. | (Super.Ct.No. CIVDS1912898) |
| PAYLESS 4 PLUMBING, INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County. John M. Tomberlin, Judge. Reversed.

Loyr, Young W. Ryu, Alexander D. Wallin, Britanie A. Martinez, Elizabeth M. Votra, and Sarah H. Cohen for Plaintiff and Appellant.

Law Offices of Alan G. Novodor and Alan G. Novodor for Defendants and Respondents.

Appellant Robert Quinonez brought a lawsuit under the Private Attorneys General Act (PAGA), Labor Code section 2698 et seq., alleging his employer had committed several wage and hour violations. Specifically, Quinonez alleged respondents Payless 4 Plumbing, Inc. and Alex Beltran denied him and other employees meal and rest breaks, failed to pay overtime compensation, deducted wages illegally, failed to properly itemize wage statements, failed to reimburse for business expenses, and failed to pay unpaid wages after the termination of employment.

Quinonez brought the suit after exhausting the administrative process required by Labor Code section 2699.3, subdivision (a). However, respondents filed a general demurrer arguing the lawsuit should be dismissed because they had taken advantage of a safe harbor provision in Labor Code section 2699.3, subdivision (c) by sending Quinonez a "cure letter" stating the violations he complained about had ceased and been corrected. According to respondents, after receiving the cure letter, Quinonez was required to respond and couldn't sue them. The trial judge accepted this argument and dismissed the lawsuit with prejudice on the ground that Quinonez hadn't exhausted his administrative remedies.

Quinonez argues the trial judge erred because the safe harbor provision of Labor Code section 2699.3, subdivision (c) doesn't apply to the violations which were the basis of his complaint. He says the administrative remedies that apply to his cause of action are in section 2699.3, subdivision (a), and he exhausted those remedies before filing suit.

We agree and therefore reverse and remand for further proceedings.

# I

# FACTS

A. *The Alleged PAGA Violations*

According to Quinonez, Payless 4 Plumbing, Inc. and Alex Beltran[1] (together "Payless") employed him as a plumber in San Bernardino County from July 3, 2015 to November 20, 2018.

Quinonez alleged Payless committed a string of Labor Code violations during the term of his employment, which affected himself and other employees. On December 21, 2018, he sent a notice of these violations and his intent to file a PAGA claim to his employers and the Labor Workforce and Development Agency (LWDA), as required by statute, and mailed out a check of $75 to the LWDA as a fee for filing the notice.

What follows is a list of the violations and the Labor Code provisions Quinonez alleges his employers transgressed.

- Failure to relieve employees of all duties during meal breaks, pay them for the break time during which they worked, or pay the statutory penalty for missed breaks. (Lab. Code, §§ 226, 226.7, 512, 558, & 1198.)

- Failure to pay employees for all hours worked. (Lab. Code, §§ 200, 203, 218.5, 226, 558, 1194, & 1198; Industrial Welfare Commission Order 9.)

- Failure to pay overtime. (Lab. Code, §§ 500, 510, & 1194.)

---

[1] Quinonez alleged Beltran owned or controlled the Payless 4 Plumbing business and "exercised control over the labor practices of each and every one of the employees . . . and caused the violations at issue in this Complaint."

- Failure to maintain accurate payroll records and issuing inaccurate wage statements. (Lab. Code, § 226(a).)

- Failure to reimburse employees for tools they were required to purchase for work. (Lab. Code, § 2802.)

- Failure to pay employees wages owed at the time of separation from employment. (Lab. Code, §§ 201, 202, & 203.)

On April 26, 2019, Quinonez sued Payless under PAGA as a representative of all current or former non-exempt employees who worked for Payless between July 3, 2015 and the present. Quinonez claimed to act "in the public interest as a private attorney general, seek[ing] assessment and collection of unpaid wages and civil penalties for [himself], all other aggrieved employees, and the State of California against [Payless], in addition to other remedies, for violations of California Labor Code sections 201-203."

The prayer for relief specified the provisions that formed the basis of the suit. He sought a decree that Payless had violated Labor Code sections "226.7, and 512(a) (by failing to provide meal and rest periods or compensation in lieu thereof); 500, 510 and 1194, et seq. (by failing to pay overtime compensation); 226(a) (by failing to provide accurate wage statements); and 201-203 (by failing to pay compensation upon termination)." He sought to recover civil penalties and unpaid wages under "Labor Code sections 2699(a) and/or 2699(f) and (g), 203, 226(e), and 558, plus costs and attorneys' fees, for violations of California Labor Code sections 201-203, 218.5, 226(a) 226.7, 510, 512(a); 1174, 1194, 1197, and 1198."

4

B.  *Payless's Motion for a General Demurrer*

Payless responded to the complaint by filing a general demurrer. The sole ground for dismissal was "plaintiff Robert Quinonez failed to exhaust his administrative remedies under California Labor Code Section 2699.3(c)(3) when such action, as a precondition for bringing [a] civil suit under the Private Attorneys General Act, was statutorily required by the PAGA claim's allegation of provision violations *other* than those listed in Section 2699.5 or Division 5 (commencing with section 6300) of the California Labor Code, and defendants' Notice of Cure filing pursuant to the safe harbor provisions of California Labor Code Section 2699.3(c)(2)(A)."

The notice of cure refers to Payless's response to Quinonez's allegations when he filed them with the LWDA on December 21, 2018 as part of his obligation to exhaust administrative remedies. On January 16, 2019, Payless informed Quinonez they would "be taking advantage of the safe harbor provisions of [PAGA] by filing a Notice of Cure and Response to [his] PAGA claim with the [LWDA]." On January 22, 2019, they filed the cure notice, which they claimed to include "a description of all actions taken" to remedy the violations Quinonez alleged.

Payless represented they had remedied the violations Quinonez alleged. They said they had "conducted interviews with all current employees and all former employees they have been able to locate who have worked for [Payless] within the last four years to obtain information from them about the average number of total hours actually worked per week." They claimed to have "paid and satisfied—with the sole exception of Robert

5

E. Quinonez—all claims of non-exempt employees for minimum wages for all hours worked, including overtime wages and the difference between the regular pay and all claims for unpaid penalty premium for missed meal and rest period[s], and claims for un-reimbursed business expenses for work performed within the past four years, including interest and waiting time penalties." They also claimed to have corrected any problems with granting breaks by distributing written copies of their policy to all employees.

They attached numerous copies of the signed meal and rest break policy and acknowledgement as exhibits. The policy, which is addressed to "All Payless 4 Plumbing, Inc. employees," begins with a paragraph defining the term "non-exempt employee," which they said "refers to a category of employees entitled to overtime pay and minimum wage as described in the Fair Labor Standards Act (FLSA). . . . Employees who earn less than twice the current California state minimum wage and those who do not use personal discretion and independent judgment at least 50% of the time are considered non-exempt." The policy says non-exempt employees "must be paid for each hour that they work and 1.5x their hourly wage for any hours worked over 8 hours per day and 40 hours per week" and also lays out the rest and meal break periods non-exempt employees are entitled to receive. Though the policy has a signature line for the employee, the policy does not provide guidance as to whether the person signing is exempt or non-exempt.

Payless's response to the LWDA *does* have some guidance on that point. They told the agency many of Quinonez's allegations are "demonstrably false and inaccurate"

6

and represented their plumbers, whether they work on a commission or salary basis, are in fact *exempt* employees. Thus, according to this filing and the policy Payless circulated to their employees, none of the employees Quinonez seeks to represent are non-exempt employees to whom overtime laws or the meal and rest break policy would apply. Payless also denied any employee had ever had job related expenses deducted from wages or ever incurred unreimbursed business expenses. Finally, they represented their employees had "always been encouraged and given ample opportunity to take their meal and rest breaks."

Quinonez didn't file a response to the cure notice, but instead filed this lawsuit after the period allotted for a response from the LWDA to his notice of violations under section 2699.3, subdivision (a). Payless argued the trial court should sustain their general demurrer and strike the complaint because he was required by a different provision—section 2699.3, subdivision (c)(3)—to respond and wait for the LWDA's response to the cure notice before filing the lawsuit. They pointed to the language of section 2699.3, subdivision (c)(2)(A), which provides "[t]he employer may cure the alleged violation within 33 calendar days of the postmark date of the notice" sent by the aggrieved employee or representative, must give notice of the claim of a cure, and that "no civil action pursuant to Section 2699 may commence." They also pointed out that the safe harbor provision says, "[i]f the aggrieved employee disputes that the alleged violation has been cured, the aggrieved employee or representative <u>shall</u> provide written notice . . . *including specified grounds to support that dispute, to the employer and the agency*."

7

(Lab. Code, § 2699.3, subd. (c)(3), emphases in Payless's motion.) If the agency receives a notice of dispute from the employee, it has 17 days to "review the actions taken by the employer to cure the alleged violation and provide written notice of its decision by certified mail to the aggrieved employee and the employer." "If the agency determines that the alleged violation has not been cured or if the agency fails to provide timely or any notification, the employee may proceed with the civil action." (Italics omitted.) Since Quinonez didn't provide notice to the agency that he was disputing the cure notice, the agency didn't decide whether Payless had cured the violations and, Payless argued in the trial court, he was not permitted to file the lawsuit.

Quinonez responded that the administrative safe harbor provision in section 2699.3, subdivision (c) doesn't apply to the types of violations he's alleging. For the kind of wage and hour violations he's alleging, the administrative remedies are set out in section 2699.3, subdivision (a), which doesn't allow the employer to cure the alleged violations and allows the plaintiff to file a civil action if the agency hasn't responded within a specified period of the filing of the employee's notice of the complaint. He argued that means he was entitled to file a PAGA lawsuit in April 2019.

At a hearing on November 5, 2019, the trial judge, superior court Judge John M. Tomberlin, sustained Payless's demurrer. The minute order records that the judge found Quinonez "has failed to properly exhaust his administrative remedies." The judge ordered the complaint dismissed with prejudice and entered judgment on November 5, 2019.

Quinonez filed a timely notice of appeal.

8

## II

## ANALYSIS

Quinonez's primary argument is one we find persuasive and dispositive. He argues the trial court erred as a matter of law by interpreting the statutory safe harbor in Labor Code section 2699.3, subdivision (c) as applying to his PAGA claim. He argues the statute's plain language establishes the administrative remedies in Labor Code section 2699.3, subdivision (a) apply to the violations he alleges Payless committed, and those administrative remedies don't include a safe harbor. We agree.

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action." (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865.) It is not proper on a general demurrer, as Payless filed, to dismiss a part of a cause of action; a general demurrer challenges only the sufficiency of the cause of action pleaded and must be overruled if any valid cause of action is pleaded. (*Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1561-1562.) We review the trial judge's order sustaining a demurrer and dismissing a cause of action de novo. (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.)

Labor Code Section 2699.3 provides three different sets of obligations for a plaintiff bringing PAGA claims under Labor Code section 2699, subdivisions (a) or (f). (Unlabeled statutory citations refer to the Labor code.) The statutory provisions make clear that the required administrative process differs depending on the kind of violations the employee alleges.

Under subdivision (a), "[a] civil action by an aggrieved employee . . . alleging a violation of any provision *listed in Section 2699.5* shall commence only after" the employee has given the LDWA and the employer notice (in the approved form) "of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." The agency then decides whether to investigate the violations on its own and must provide notice of its decision to the employee and the employer. If the agency doesn't intend to investigate or doesn't provide the employee any notice within a specified period, the employee may file a PAGA action under section 2699.[2] (§ 2699.3, subd. (a), italics added.)

Under subdivision (b), "[a] civil action by an aggrieved employee . . . alleging a violation of *any provision of Division 5 (commencing with Section 6300) other than those listed in Section 2699.5* shall commence only after" the employee has given the Division of Occupational Safety and Health (division) and the employer notice (in the approved form) of the specific provisions of Division 5 alleged to have been violated, "including

---

[2] The employee may also sue on a different timetable if the agency investigates but decides not to issue a citation. (§ 2699.3, subd. (a).) That provision isn't relevant to this appeal.

the facts and theories to support the alleged violation." (§ 2699.3, subd. (b), italics added.) The division is then required to investigate or inspect the violation and decide whether to issue a citation. (§ 2699.3, subd. (b)(2)(A).) "If the division issues a citation, the employee may not commence an action pursuant to Section 2699. The division shall notify the aggrieved employee and employer in writing within 14 calendar days of certifying that the employer has corrected the violation." (§ 2699.3, subd. (b)(2)(A)(i).) The employee may file a lawsuit if the agency doesn't issue a citation in the proscribed period. (§ 2699.3, subd. (b)(2)(A)(ii).) However, the division may permit long-term abatement periods and the employee may not bring a civil lawsuit "during the period that an employer has voluntarily entered into consultation with the division to ameliorate a condition." (§ 2699.3, subd. (b)(3)(A) & (B).)

Under subdivision (c)—which Payless argues is the governing provision in this case—the process is different because it includes a short safe harbor period for the employer to cure any violations. First, this provision applies explicitly to claims of "violation of any provision *other than those listed in Section 2699.5*"—to which subdivision (a) applies—"or Division 5 (commencing with Section 6300)"—to which subdivision (b) applies. (§ 2699.3, subd. (c), italics added.) As with subdivision (a), an employee may commence a PAGA claim under subdivision (c) only after giving the LDWA and the employer notice "of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." (§ 2699.3, subd. (c)(1)(A).)

11

However, for this kind of violation, the employer has a right to cure any alleged defects. "The employer may cure the alleged violation within 33 calendar days of the postmark date of the notice sent by the aggrieved employee or representative. The employer shall give written notice within that period of time by certified mail to the aggrieved employee or representative and by online filing with the agency if the alleged violation is cured, including a description of actions taken, and no civil action pursuant to Section 2699 may commence. If the alleged violation is not cured within the 33-day period, the employee may commence a civil action pursuant to Section 2699." (§ 2699.3, subd. (c)(2)(A).)

If the employer files a cure notice, the employee is required to respond and allow the LWDA a period of time to decide whether the employer has in fact cured the alleged violations. "If the aggrieved employee disputes that the alleged violation has been cured, the aggrieved *employee or representative shall provide written notice* by online filing with the agency and by certified mail to the employer, *including specified grounds to support that dispute*, to the employer and the agency. Within 17 calendar days of the receipt of that notice, the agency shall review the actions taken by the employer to cure the alleged violation and provide written notice of its decision by certified mail to the aggrieved employee and the employer." (§ 2699.3, subd. (c)(3), italics added.) "If the agency determines that the alleged violation has not been cured or if the agency fails to provide timely or any notification, the employee may proceed with the civil action."

12

(*Ibid.*) The employee may challenge the agency's determination that the alleged violation has been cured by appealing to the superior court. (*Ibid.*)

This appeal comes down to deciding which of these administrative remedy provisions Quinonez was required to exhaust. There's no dispute he satisfied the administrative remedies set out in subdivision (a), which apply to violation of any provision listed in section 2699.5. And there's no dispute that he did not satisfy the administrative remedies set out in subdivision (c), which apply to violation of any provision *not* listed in section 2699.5 or Division 5. There's also no dispute that his PAGA claim was not based on allegations that Payless violated the provisions of Division 5. We're left, then, with the question whether the conduct Quinonez complained about violated provisions listed in section 2699.5 or provisions *not listed* in section 2699.5.

The answer is fairly straightforward, even if it does require some digging into the weeds. Omitting irrelevant statutory references, section 2699.5 says "[t]he provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following [Labor Code] provisions: . . . Sections . . . 201, . . . 202, 203, . . . paragraphs (1) to (5), inclusive, (7), and (9) of subdivision (a) of Section 226, Sections 226.7, . . . 510, . . . 512, . . . 1194, 1197, . . . 1198, . . . [and] 2802." Those provisions have to do with an employer's obligations concerning wages and hours—to make timely payment of wages earned on termination of employment (§§ 201-203), provide accurate wage statements containing certain required information (§ 226), provide meal and rest periods (§§ 226.7, 512), pay

13

overtime wages (§§ 510, 1194, 1198), pay the minimum wage (§§ 1194, 1197), and compensate employees for business expenses (§ 2802).

The statutory provisions we identified in section 2699.5 all form the basis of Quinonez's PAGA cause of action. As we spelled out above, Quinonez alleged Payless (i) failed to pay employees wages owed at the time of separation from employment in violation of sections 201, 202, and 203, (ii) didn't maintain accurate payroll records and issued inaccurate wage statements in violation of section 226(a), (iii) didn't relieve employees of all duties during meal breaks, didn't pay them for the break time during which they worked, and didn't pay the statutory penalty for missed breaks in violation of sections 226, 226.7, 512, and 1198, (iv) didn't pay employees for all hours worked in violation of sections 203, 226, 1194, and 1198, (v) didn't pay overtime in violation of sections 510 and 1194, and (vi) didn't reimburse employees for tools they were required to purchase for work in violation of section 2802. The plain language of sections 2699.5 and 2699.3, subdivision (a) establishes that PAGA claims alleging violations of these statutory provisions are governed by section 2699.3, subdivision (a) and not by section 2699.3, subdivision (c).

It follows that Quinonez exhausted the administrative remedies required to bring his action in superior court. The safe harbor under section 2699.3, subdivision (c) simply doesn't apply to allegations of this kind of wage and hour violation. The trial court erred in determining otherwise as a matter of law.

14

Payless points to a few additional statutory citations in Quinonez's complaint, but they don't bring the complaint under the safe harbor provision. Quinonez refers to sections 200, 500, and 218.5. But section 200 defines the terms wages and labor as they're used in related provisions. Section 500 defines the terms workday and workweek. Section 218.5 allows for an employee to recover reasonable attorney fees "[i]n any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions." None of these provisions sets out a cause of action or otherwise establishes a duty for the employer enforceable by a civil suit under section 2699. Thus section 2699.3 doesn't apply to them at all, because it governs "civil action[s] by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699."

Nor does Quinonez's request for unpaid wages under section 558 bring the safe harbor provision into play. Section 558, which preceded the passage of PAGA, sets out civil penalties for "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission." (§ 558, subd. (a).) It specifies a civil penalty of "fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages." (§ 558, subd. (a)(1).) The civil penalty increases to $100 for subsequent violations. (§ 555, subd. (a)(2).) Wages recovered are to be paid to the affected employee. (§558, subd. (a)(3).) Our Supreme Court has held section 558 does not provide for a private right of action and the unpaid wages which may be

15

recovered are compensatory damages, not civil penalties which can be collected in a PAGA lawsuit. (*ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 197-198.) Thus, to the extent Quinonez's complaint seeks unpaid wages under section 558, the provisions of PAGA, including the administrative remedy provisions governing claims under section 2699, do not apply.

Moreover, including a request for remedies available under section 558 does not provide a basis for dismissing Quinonez's entire complaint on a general demurrer. (*Olson v. Hornbrook Community Services Dist.* (2019) 33 Cal.App.5th 502, 522, fn. 9 ["'a general demurrer may not be sustained, nor a motion for judgment on the pleadings granted, as to a portion of a cause of action,' but that portion may be attacked by filing a motion to strike"].) If a portion of the pleading is deficient under the holding of *ZB*, the parties may address the deficiency by a motion to strike that portion of the pleadings or by amending the pleadings on remand, the same remedy the Supreme Court approved in *ZB*. (*ZB, N.A. v. Superior Court*, *supra*, 8 Cal.5th at p. 198.)

We therefore conclude the trial judge erred by applying the safe harbor provision of section 2699.3, subdivision (c) to Quinonez's cause of action. Quinonez exhausted the administrative remedies required by section 2699.3, subdivision (a) and is entitled to proceed with his PAGA lawsuit.

# III

## DISPOSITION

We reverse the judgment of the trial court and remand for further proceedings.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
J.

We concur:


McKINSTER _____
Acting P. J.


MILLER _____
J.